IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:06cr232-MHT-CSC |
| | 18 U.S.C. 371, |
| V. | CONSPIRACY TO SOLICIT A BRIBE |
| | 18 U.S.C. 666 |
| WILEY THOMAS, JR. | SOLICITATION OF A BRIBE |

**THE GRAND JURY CHARGES:**

FILED
OCT 11 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

### COUNT ONE

### INTRODUCTION

At all times pertinent to this indictment:

1. The Montgomery Housing Authority was an authority of the City of Montgomery, Alabama and as such was a government agency as that term is defined in Section 666(d)(2), (3), and (4), of Title 18 United States Code, and which received benefits in excess of $10,000 in any one year period from January 1, 1999 to January 4, 2003, pursuant to federal programs providing assistance to the City of Montgomery, Alabama.

2. Defendant Wiley Thomas, Jr., was the Executive Director of the Montgomery Housing Authority.

3. Defendant Wiley Thomas, Jr., acting in his capacity as the Executive Director of the Montgomery Housing Authority, had the authority to initiate, influence, and award contracts and leases on behalf of the Montgomery Housing Authority, and to commit funds for such contracts.

4.  Wayne Nickols was a consultant for the Montgomery Housing Authority hired by Wiley Thomas, Jr.

## THE CONSPIRACY AND ITS OBJECTIVES
### 18 U.S.C. 371 Conspiracy to Commit Federal Program Bribery

5. From on or about January 21, 1999, and continuing through January 3, 2002, the exact date being unknown to the grand jury, in Montgomery County, in the Middle District of Alabama and elsewhere, the defendant herein,

WILEY THOMAS, JR.,

and others known and unknown to the grand jury, knowingly and willfully did conspire and agree together:

To knowingly and willfully violate the provisions of Section 666, Title 18, United States Code, in that the defendant conspired to corruptly solicit and demand for the benefit of the defendant herein and others and accepted and agreed to accept something of value, that is money and other benefits, intending to be influenced and rewarded in connection with the business, transactions and a series of transactions of the Montgomery Housing Authority, that is the awarding of contracts for the purchase of lead based paint booklets and for the lease of warehouse space, involving more than $5,000.  All in violation of 18 U.S.C. Section 371.

### OBJECTIVES OF THE CONSPIRACY

6. It was an objective of the conspiracy to use the contracting process of the Montgomery Housing Authority so as to

award contracts to Wayne Nickols under which Nickols would provide lead based paint booklets and warehouse space to the Montgomery Housing Authority.

7. It was a further objective of the conspiracy for Wiley Thomas, Jr., and Wayne Nickols to inflate the price of the lead based paint booklets and the cost of the warehouse space.

8. It was a further objective of the conspiracy for Wayne Nichols to pay over to Wiley Thomas, Jr., a part of the inflated price for the lead based paint booklets and warehouse space when Nickols was paid by the Montgomery Housing Authority pursuant to the aforesaid contracts.

### MANNER AND MEANS
### (Lead Based Paint Booklets)

9. As a part of the conspiracy, Wiley Thomas, Jr., and Wayne Nickols would and did agree that the Montgomery Housing Authority needed to purchase booklets notifying residents of the Montgomery Housing Authority of the dangers of lead based paint.

10. As a part of the conspiracy, Wiley Thomas, Jr., would and did cause the Montgomery Housing Authority to enter into contracts with Wayne Nickols requiring Wayne Nickols to provide the lead based paint booklets to the Montgomery Housing Authority for five dollars per booklet, each knowing that this amount was an inflated price.

11. As a part of the conspiracy, Wayne Nickols would and did purchase the material to make the booklets from a third party

3

contractor at a cost of two dollars per booklet.

12. As a part of the conspiracy Wiley Thomas, Jr., would and did periodically cause the Montgomery Housing Authority to issue purchase orders to Wayne Nickols for lead based paint booklets.

13. As a part of the conspiracy Wayne Nickols would and did receive five dollars per booklet from the Montgomery Housing Authority.

14. As a part of the conspiracy Wayne Nickols would and did pay over one dollar per book to Wiley Thomas, Jr.

15. As a part of the conspiracy Wiley Thomas, Jr., caused the Montgomery Housing Authority to pay out to Wayne Nickols approximately $104,475 at a cost of five dollars per booklet for approximately 20,895 lead based paint booklets that could have been obtained from the United States Department of Housing and Urban Development for approximately $10,447.50 at a cost of $0.50 each.

**MANNER AND MEANS**
**(Warehouse Space)**

16. As a part of the conspiracy, Wiley Thomas, Jr., and Wayne Nickols would and did agree that the Montgomery Housing Authority needed to lease warehouse storage space so it would have a place to store various items.

17. As a part of the conspiracy, Wiley Thomas, Jr., caused the Montgomery Housing Authority to enter into contracts with

4

Wayne Nickols requiring Wayne Nickols to provide warehouse space to the Montgomery Housing Authority for approximately $960 per month, each knowing that this was an inflated price.

18. As a part of the conspiracy, Wayne Nickols would and did contract with a third party contractor to lease the same warehouse space for approximately $400 per month.

19. As a part of the conspiracy, Wiley Thomas, Jr., would and did cause the Montgomery Housing Authority to pay approximately $960 per month to Wayne Nickols for the warehouse space.

20. As a part of the conspiracy, and after receiving the amount of approximately $960 per month, Wayne Nickols would pay over one hundred dollars per month to Wiley Thomas, Jr.

21. As a part of the conspiracy, Wiley Thomas, Jr., caused the Montgomery Housing Authority to pay out to Wayne Nickols approximately $23,040 at a cost of $960 per month that could have been obtained at a cost of approximately $9,600 at $400 per month.

## OVERT ACTS
### (Lead Based Paint Booklets)

22. On approximately one hundred and five separate occasions, the first being on or about January 21, 1999, and the last occurring on or about October 30, 2001, Wiley Thomas, Jr., approved payment invoices in the amount of $995 submitted by Wayne Nickols to the Montgomery Housing Authority for the

purchase of approximately 199 lead based paint booklets at a cost of $5 each.

23. On approximately one hundred and five separate occasions, the first being on or about January 21, 1999 and the last occurring on or about October 30, 2001, Wayne Nickols paid $199 to Wiley Thomas, Jr., as part of their agreement that Wayne Nickols would pay Wiley Thomas, Jr., $1 for each lead based paint booklet bought from Wayne Nickols by the Montgomery Housing Authority.

**OVERT ACTS**
**(Warehouse Space)**

24. Between on or about January 1, 2000 and February 24, 2000, Wiley Thomas, Jr., met with Wayne Nickols at the Montgomery Housing Authority offices and directed Wayne Nickols to obtain storage space for the Montgomery Housing Authority.

25. Between on or about January 1, 2000 and February 24, 2000, Wiley Thomas, Jr., directed Wayne Nickols to personally rent the space he had located and then rent the space back to the Montgomery Housing Authority and pay Wiley Thomas, Jr., an amount from the rent charged to the Montgomery Housing Authority of $100 per month.

26. On or about February 25, 2000, Wiley Thomas, Jr., executed a lease between the Montgomery Housing Authority and Wayne Nickols doing business as R and L Moving and Storage

Company wherein the Montgomery Housing Authority agreed to lease the premises at 1063 Bell Street, Montgomery, Alabama, 36104, for eleven thousand five hundred dollars per year due in the amount of nine hundred and sixty dollars per month.

27. On approximately 24 occasions, the first being on or about March 15, 2000 and the last on or about January 3, 2002, Wiley Thomas, Jr., approved payments by the Montgomery Housing Authority to Wayne Nickols doing business as R and L Moving and Storage Company in the amount of $960 for the lease of storage space at 1063 Bell Street, Montgomery, Alabama, 36104.

28. On approximately 24 occasions, the first being on or about March 15, 2000 and the last on or about January 3, 2002, Wiley Thomas, Jr., received $100 from Wayne Nickols doing business as R and L Moving and Storage Company as part of their continuing agreement for Wiley Thomas, Jr., to be rewarded for approving the payment by the Montgomery Housing Authority of an inflated amount in rent for the lease of storage space at 1063 Bell Street, Montgomery, Alabama, 36104. All done in violation of 18 U.S.C. Section 371.

## COUNT TWO

### (Receipt of a Bribe-Lead Based Paint Booklets)

29. Paragraphs 1-4, are realleged and incorporated by reference in count two as though set forth in full.

30. From on or about January 21, 1999 to on or about October 30, 2001 in Montgomery County within the Middle District

of Alabama and elsewhere,

WILEY THOMAS, JR.

aided and abetted by Wayne Nickols and others known and unknown to the grand jury did knowingly and willfully and corruptly solicit, accept and agree to accept something of value that is money of a value of approximately $20,895 from Wayne Nickols intending to be influenced and rewarded in connection with the business, transaction, and series of transactions, of the City of Montgomery Housing Authority, that is the awarding of contracts related to the purchase of lead based paint booklets of the value of approximately $104,475.  All done in violation of Title 18 United States Code Sections 2 and 666(a)(1)(B).

### COUNT THREE
### (Soliciting a Bribe-Lease of Warehouse Space)

31.  Paragraphs 1-4, are re-alleged and incorporated by reference in count three as though set forth in full.

32.  From on or about February 25, 2000 to on or about January 3, 2002, in Montgomery County within the Middle District of Alabama and elsewhere,

WILEY THOMAS, JR.

aided and abetted by Wayne Nickols and others known and unknown to the grand jury did knowingly and willfully and corruptly solicit, accept and agree to accept something of value that is money of a value of approximately $2,400 from Wayne Nickols intending to be influenced and rewarded in connection with the

business, transaction, and series of transactions, of the City of Montgomery Housing Authority, that is the awarding of contracts related to the lease of warehouse space of the value of approximately $23,040. All done in violation of Title 18 United States Code Sections 2 and 666(a)(1)(B).

A TRUE BILL:

/s/ Janice Davis Williams
FOREPERSON

/s/ Leura G. Canary
LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Stephen P. Feaga
Stephen P. Feaga, Sr.
Assistant United States Attorney