IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:06cr232-MHT |
| **WILEY THOMAS, JR.** | ) | |

ORDER

This cause is before the court on defendant Wiley Thomas, Jr.'s unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for February 5, 2007, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Thomas in a speedy trial. Thomas and the government have apparently reached a tentative plea agreement but that said agreement is not

yet final. The plea agreement may incorporate certain terms and conditions on the basis of Thomas's physical and mental health, which have not yet been evaluated. A full physical and psychiatric examination will enable the parties to finalize a plea agreement, resolve any issues related to Thomas's competency, and prepare the court for sentencing. The government does not oppose a continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant Wiley Thomas, Jr.'s motion for continuance (doc. no. 15) is granted.

(2) The jury selection and trial, now set for February 5, 2007, are reset for June 4, 2007, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of January, 2007.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE